**STANLEY et al. v. RITCHIE GROCER CO., Inc., et al.***

**No. 5185.**

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

McHenry, Lamkin & Lamkin, of Monroe, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, and Madison, Madison & Fuller, of Monroe, for appellees.

DREW, Judge.

Plaintiff, Lee Stanley, brings suit for damages to his automobile, and for medical and hospital expenses incurred on account of injuries suffered by his wife, and plaintiff, Mrs. Lee Stanley, sues for damages for personal injuries alleged to have been caused by a collision between the Buick sedan, driven by Mrs. Lee Stanley, and a truck owned by Ritchie Grocer Company and operated by a colored employee, James Griffin.

Plaintiffs aver that the collision occurred about 25 or 30 feet from the intersection of United States Highway 80 with the Monroe-Farmerville Highway at about 3 p. m., December 4, 1934, and that said collision was due to the negligence of the driver of the truck in (1) that he rounded a sharp curve at a speed of 35 to 40 miles per hour, without blowing his horn or giving any warning whatsoever; (2) in not keeping a proper watch and lookout for traffic on the Monroe-Farmerville Highway coming in the direction of United States Highway 80; (3) not keeping the truck on the right-hand side of the road in turning the sharp curve on entering the intersection of the Monroe-Farmerville Highway with United States Highway 80; (4) rounding said curve at the juncture of United States Highway 80 with the Monroe-Farmerville Highway on the left-hand side of the road, and by doing so creating a sudden emergency, causing the driver of the Buick sedan to act instantly in an effort to avoid a collision; and (5) driving around a blind curve at an excessive rate of speed.

Defendants filed an answer denying the acts of negligence charged by plaintiffs, as well as liability on their part. Defendants also alleged that the truck rounded the curve at the intersection at a speed of 15 miles per hour and was on its right-hand side of the road. Defendants also pleaded that the Buick automobile was traveling in the middle of the road at an excessive rate of speed and ran into the truck on its right-hand side of the road, in spite of the efforts of the driver of the truck to avoid the collision.

Defendants alleged the driver of the Buick was responsible for the accident, in that she was negligent in the following respects: (1) Failure of the driver to keep the proper lookout ahead, but instead looking to her right and talking with the passenger on her right on the front seat; (2)

driving on the wrong side of the road; (3) swerving the Buick car to the left in the wrong direction, instead of the right where there was plenty of room for her car to pass after creating a dangerous situation, due to her fault and negligence; and (4) driving at an excessive rate of speed when only a short distance from United States Highway 80 where traffic is heavy and where she was required by law to stop before entering.

Defendants, Ritchie Grocer Company and Ætna Casualty Company, also filed reconventional demands aggregating the sum of $575.60.

Defendants also pleaded in the alternative contributory negligence on the part of the driver of the Buick car, setting forth the same grounds of negligence heretofore pleaded.

Plaintiffs filed a supplemental petition asking for damages on behalf of Lee Stanley, husband of Mrs. Lee Stanley, for the sums expended by him for medical and hospital services rendered his wife on account of said accident.

Defendants filed a general denial to said amended petition.

The trial judge rendered a written opinion in which he held that the drivers of both cars were negligent, and rejecting the demands of plaintiffs and defendants in reconvention. A motion for a new trial was filed by plaintiffs, which was overruled. Plaintiffs have appealed from the judgment rejecting their demands. Defendants have answered the appeal praying that the judgment be amended by allowing the demand in reconvention.

The Dixie-Overland Highway runs east and west, and, at a point approximately 7 miles west of Monroe, the Farmerville Highway connects it. The Farmerville Highway runs in a northerly direction from the point where it connects the Dixie-Overland Highway. At the point where it joins the Dixie-Overland Highway it forms a Y, the east prong of which curves to the east and the west prong to the west. Travelers coming from Farmerville, wishing to go to Monroe, take the east prong, and this prong of the road is in the form of a sweeping curve with its east side banked. The Dixie-Overland Highway is paved and the Farmerville Highway is graveled.

Defendant's truck, driven by one of its employees, was heavily loaded with freight and was on its way from Monroe to Farmerville. Plaintiffs' car, driven by Mrs. Lee Stanley, was traveling from Farmerville; its destination being Monroe. When defendant's truck arrived at the junction of the Farmerville Highway with the Dixie-Overland, it was traveling at 25 to 30 miles per hour and did not slacken its speed. It is clearly established by the testimony, as found by the lower court, that the truck maintained its extreme right side of the road at all times until the very time of the accident. When the truck had gotten only a short distance into the curve, it was confronted by plaintiffs' car, traveling on its left center of the road at from 15 to 20 miles per hour at the time. Finding herself in this perilous position caused by her own negligence in being on the wrong side of the road, Mrs. Stanley became excited and instead of cutting her car to the right, which possibly would have averted the accident, did the very opposite and cut her car to the left directly in the path of the truck. The collision followed.

After the accident, the rear end of the truck, as correctly found by the lower court, was only 18 feet from the pavement on the Dixie-Overland Highway, and 4 feet from the east rail on the side of the road and parallel with the road. The tracks of the truck clearly showed that the truck, after leaving the pavement, traveled on its right or east side of the Farmerville road. As the lower court said in its reasons for judgment, if the truck had entered the Farmerville Highway on its left or west side of the road, it would have had to travel sidewise entirely across the road to be where it was after the accident. The allegation that the defendant truck was traveling on its left side of the road has not been established; to the contrary, it has been completely disproved.

The other charges of negligence can be summed up as follows: That the truck driver attempted to round the curve at an excessive rate of speed, without blowing his horn and without keeping a proper lookout. We are convinced the truck was traveling too fast when it entered the curve. Due to the contour of the road and the embankment, it was impossible to see very far around this curve. He saw plaintiffs' car as soon as possible, and which was too late to avoid the accident by anything he could have done. The driver of plaintiffs' car could have averted the accident had she cut sharply to her right, instead of to the left. The fact that defendant's truck entered the

curve at too rapid a rate of speed, without sounding a warning, was not, however, in this case a proximate cause of the accident. We can imagine a case where it would have been; for instance, if a pedestrian had been in the curve and had been run over by the truck, or if there had been a car broken down in this curve, while going in the same direction the truck was traveling. But such a condition does not exist here. Had the plaintiffs' car been on its right side of the road, as required by law, there would not have been a collision. The sole and proximate cause of the accident was the negligence of the driver of plaintiffs' car in traveling on the wrong side of the road, and she cannot be relieved from responsibility for her irrational act in turning to the left instead of the right when she realized her perilous situation, because, by her negligence, she caused the peril. The lower court found that plaintiff was negligent, that that negligence was a proximate cause of the accident, and rejected her demands and those of her husband, who joins her in the suit. We find no error in that part of the judgment.

It is shown by the testimony that it cost $500 to repair defendant's truck; that the Ætna Casualty & Surety Company has paid defendant, Ritchie Grocer Company, Incorporated, $455.60 of this amount, and has been subrogated to the rights of said Grocer Company. Both were made defendants in this suit, and both reconvened for the respective amounts they have paid out toward the repairs to the truck. Since the negligence of the driver of the truck was not a proximate cause of the accident and the sole proximate cause was the negligence of plaintiffs, the defendants are entitled to recover in reconvention. It is alleged that the cost of repairing the truck was $505.60, but the proof is not positive as to any amount above $500. We are therefore limited to that amount, and the Ætna Casualty & Surety Company is entitled to judgment against Mrs. Lee Stanley in the sum of $455.60; and the Ritchie Grocer Company, Incorporated, is entitled to judgment against her in the sum of $44.60, both amounts to bear legal interest from judicial demand until paid.

It therefore follows that the judgment of the lower court, in so far as it rejected the demands of plaintiffs, is affirmed; and wherein it rejected the demands of defendants in reconvention, it is reversed; and

there is now judgment in favor of the Ætna Casualty & Surety Company against Mrs. Lee Stanley in the sum of $455.60, with legal interest thereon from judicial demand until paid; and in favor of the Ritchie Grocer Company, Incorporated, against Mrs. Lee Stanley in the sum of $44.60, with legal interest thereon from judicial demand until paid; all costs of both courts to be paid by plaintiffs.